Loyal MILLER, et al., Plaintiffs,

v.

GENERAL MOTORS CORPORATION, et al., Defendants.

No. 3:98–CV–793.

United States District Court,
E.D. Tennessee,
at Knoxville.

March 14, 2000.

Sidney W. Gilreath, Gilreath & Associates, PC, Knoxville, TN, Robert E. Sanders, Robert E. Sanders & Associates, PSC, Covington, KY, Tyler S. Thompson, Dolt, Furkin & Thompson, PSC, Louisville, KY, for Loyal Miller and Mitzi Miller.

Clarence Risin, Andrew L. Colocotronis, Baker, Donelson, Bearman & Caldwell, Knoxville, TN, for General Motors Corporation.

Paul E. Dunn, Dunn, MacDonald & Coleman, PC, Knoxville, TN, for Lonnie R. Lowe.

### MEMORANDUM AND ORDER

MURRIAN, United States Magistrate Judge.

All pretrial non-dispositive motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b), Fed.R.Civ.P. 73(a), and the Rules of this Court. Pursuant to an order filed February 25, 2000, a hearing on the following motions was conducted on March 10, 2000:

1. Plaintiffs' motion for entry of a sharing protective order [Doc. 12];

2. General Motors' motion for a protective order regarding the litigation study [Doc. 16]; and

3. Plaintiffs' motion to compel discovery [Doc. 19].

These matters will be taken up in the order indicated.

### I.

■ There was general agreement on the terms of a protective order regarding confidential information drafted by the undersigned which was sent to counsel by facsimile transmission prior to the hearing. That order will be entered separately. Defendant General Motors Corporation ("General Mo-

tors") disagrees with two points within that protective order. General Motors believes that it should be given advance notification as to each document to be shared with other attorneys by Bates number and an affidavit from the plaintiffs' attorney with whom documents are shared pursuant to the terms of the protective order. The undersigned declined to impose this restriction in the protective order. Certainly, General Motors' attorneys who may be defending similar cases across the country are not required to tell plaintiffs' attorneys what documents they are sharing in order to defend lawsuits of this type. Identifying the specific documents shared would invade an attorney's work product qualified privilege and would also encourage the sharing attorneys to share more documents than were necessary in order to provide "cover." Pursuant to the terms of the protective order that was entered, General Motors will be able to ascertain at the conclusion of this litigation exactly who plaintiffs' counsel shared documents with. Furthermore, the protective order provides for control over the documents in that shared documents must be returned to plaintiffs' counsel at the conclusion of the litigation for which the documents were requested pursuant to paragraph 3(f) of the protective order. Additionally, since General Motors will not know during the pendency of this litigation the attorneys who might be recipients of shared information, this will encourage General Motors to be careful with regard to completeness and uniformity of its production of discovery in all similar cases.

Additionally, General Motors sought a provision in the protective order that would have prohibited the sharing of documents that were deemed privileged in the litigation for which shared documents were sought. For example, a plaintiff's attorney handling a similar case in another city, according to General Motors, should not be able to obtain shared documents from this litigation which have been declared privileged in the litigation for which the shared document or documents are sought. The undersigned declined to include such a provision in the protective order mainly on practical grounds. First of all, the requesting lawyer may not have a ruling from the court in that jurisdiction with regard to whether or not the document was privileged until later in the litigation and after he has sought and received shared information. Furthermore, even if he received such information, it will not be usable in the case where the court has declared it privileged. Also, pursuant to paragraph 8 of the protective order, General Motors does not waive or give up any right it has to claim privilege in any litigation.

For the reasons indicated, the plaintiffs' motion for adjudication of a sharing protective order is hereby **GRANTED.**

## II.

General Motors' motion for protective order regarding what it terms as the litigation study was not decided at the time of the hearing. General Motors represents that this involves approximately 3400 documents for which General Motors makes claims of attorney-client privilege and/or work product qualified privilege. The parties agree that it will be necessary for the undersigned to review many of these documents, or at least categories of documents, in order to rule on this motion. Accordingly, a hearing was scheduled for **Monday, May 1, 2000, at 9:00 a.m.** The parties are directed to take the following actions in preparation for that hearing:

1. General Motors will serve on plaintiffs' counsel a privilege log as required pursuant to Fed.R.Civ.P. 26(b)(5) on or before March 17, 2000.

2. On or before March 31, 2000, plaintiffs' counsel shall notify General Motors' counsel in writing with regard to those documents which are no longer requested to be produced in light of the disclosures made in the privilege log.

3. On or before April 7, 2000, General Motors is granted leave to file under seal the documents that will be reviewed at the hearing set for May 1, 2000.

4. Not later than three (3) working days prior to the hearing, counsel for General Motors shall serve and file any additional affidavits which General Motors intends to use to support its claim of privilege as to one or more of the

documents in question. General Motors shall also produce on May 1, 2000, at 9:00 a.m., any witnesses it believes necessary to establish its claim of attorney-client or work-product privilege as to one or more of the subject documents.

5. At the hearing, General Motors shall have the burden of proving that the privilege exists as to each document and that it has not been waived. That burden cannot be met by statements, arguments or assertions of counsel. To meet it, there should be testimony from a witness or witnesses or by way of affidavits which are already in the file or which are produced in accordance with paragraph 4 above from an affiant or affiants with first hand knowledge setting forth and establishing all elements of the attorney-client or work-product qualified privilege as to each document and that no waiver has occurred. The privilege log, any affidavits, and any testimony given in connection with the hearing shall not be received on an ex parte or sealed basis.

6. Trial counsel for all parties with full authority shall be present at the hearing. Proceedings will be in open court. The undersigned will examine the documents in the presence of counsel and any parties who may be present in order that questions might be asked about particular documents and evidence heard and considered as to each document. Counsel for the plaintiffs may pose questions for the undersigned to ask about documents although they will not have access to the documents themselves, of course, during the process of the *in camera* review.

7. If the undersigned determines that a document is work product, the burden will then shift to the plaintiffs to demonstrate, if they can, substantial need and undue hardship as to any such document. The undersigned will be inclined to give plaintiffs additional time if necessary to produce affidavits or witnesses to meet this burden since the plaintiffs will have little warning of its duty to meet this burden until the time of the hearing itself.

8. Any documents which the undersigned determines not to be privileged, will not be revealed to plaintiffs' counsel immediately, but rather only after the defendant General Motors has had an opportunity to appeal the ruling to the district judge. Fed.R.Civ.P. 72(a).

There is a dispute in this case about whether the law of Tennessee or the law of Michigan controls with regard to the claims of attorney-client privilege. The undersigned will deal with that and the question of what law applies to the qualified work product privilege in separate memorandum and order which shall be filed well in advance of the May 1 hearing.

For the reasons indicated, General Motors' motion for a protective order regarding what it describes as the litigation study will be held in abeyance pending the hearing and ruling on the questions presented [Doc. 16].

### III.

The plaintiffs' motion to compel discovery was heard at the time of the March 10, 2000, hearing.

To their credit, the parties have agreed that the appropriate scope for discovery for seat belts is limited to "C" cars for the 1989–1993 model years. Also, General Motors announced that it had no objection to producing historical design documents regarding General Motors seats and that such discovery would not be limited to particular types of vehicles.

It seems that the big dispute is plaintiffs' request for production no. 5 which simply states: "All documents which pertain to other similar incidents." See Doc. 28 at 42. The parties agree that certain aspects of this discovery can be narrowed, that is, that the discovery should pertain to rear end collisions and should pertain to the yielding or collapsing of seat backs, but beyond that they differ. Plaintiffs seek discovery of all incidents of yielding or collapsing seat backs from the 1965 model year forward to the present which involve what is known as the

General Motors 60–40 split bench seat and which were involved in rear end collisions.

General Motors has submitted the affidavits of Thomas Blake and Mike el Sabeh, Exhibits A and B to Doc. 28 which state generally that the seats and seat belts in 1989 Cadillac Deville (the car in question here) are substantially similar in design and performance to a group of vehicles known within General Motors as "C" cars for the 1985–1993 model years and also "H" cars for the 1986–1991 model years for seats. General Motors argues that documents related to vehicles outside this scope have no relevance to this case. General Motors contends that plaintiffs' request for numerous documents concerning all General Motors' car lines is unduly broad.

The question presented regarding "similar incidents" was taken under advisement and plaintiffs' counsel were granted leave to file any affidavits of experts which might tend to counter the assertions made in the affidavits of Messrs. Blake and el Sabeh. Any such countering affidavits shall be served and filed within 10 days of March 10, 2000.

It appears that once this question of "similar incidents" is decided by the undersigned, no further action need be taken by the court with regard to plaintiffs' motion to compel discovery since it appears that the parties are ready to go forward pursuant to agreements reached and the ruling which is contemplated on the question of "similar incidents."

For the reasons indicated, the plaintiffs' motion to compel is **GRANTED** to the extent indicated [Doc. 19].

**IT IS SO ORDERED.**